**Linda GRAEBNER, Plaintiff,**

v.

**JAMES RIVER CORPORATION, et al., Defendants.**

**Civ. No. C–88–1725 DLJ.**

United States District Court,
N.D. California.

Oct. 3, 1989.

Bruce M. Towner, of Towner & Lippe, San Francisco, Cal., for plaintiff.

William F. Alderman, of Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant James River Corp.

ORDER

F. STEELE LANGFORD, United States Magistrate.

Plaintiff Linda Graebner ("Graebner") moved for a protective order to prevent James River Corporation ("James River") from taking her deposition a second time. The deposition was noticed for September 27, 1989, shortly before the discovery cut-off. This Magistrate heard the matter on shortened time, October 3, 1989, at 1:30 p.m. The pleadings and argument of counsel having been fully considered, and good cause appearing,

IT IS HEREBY ORDERED that James River may not take Graebner's deposition a second time. James River, in opposing Graebner's motion, requested an award of sanctions. Since Graebner prevails, James River receives no award.

## LOCAL RULE 230-4

Counsel for Graebner with his Reply has filed a Certificate of Compliance with Local Rule 230-4. This motion was originally calendared by telephone conference call with counsel for both parties. The court understood at that time that counsel had met and conferred as required by the Local Rule.

## PROTECTIVE ORDERS IN DISCOVERY

Rule 26(c) Federal Rules of Civil Procedure, gives the court broad discretion to issue a protective order regarding discovery. Such an order protects a party such as Graebner from undue burden or expense, or duplicating information which the other party can obtain just as easily elsewhere.

■ Although there is no specific limit on the number of times a person or party may be deposed, repeat depositions are disfavored, except in certain circumstances. To obtain a protective order by the plain language of the rule, Graebner must show good cause. Examples of good cause include: long passage of time with new evidence, new theories added to the complaint, etc. (Schwarzer, Tashima, Wagstaffe *Cal. Prac. Guide: Fed.Civ.Pro. Before Trial* (TRG 1989) §§ 11:187, p. 11–28).

## SUMMARY

■ Graebner gave her first deposition to James River in September, 1988, over a period of part or all of three days, generating a total of 411 pages of transcript. Her own counsel instructed her not to answer twenty-five questions. At the end of the deposition, deposing counsel said:

> I have no further questions at this time. There have been a number of questions which Mrs. Graebner has been instructed not to answer. To the extent we want to pursue those, Bruce (Graebner's counsel), I'll discuss it with you informally first. And subject to that qualification, the deposition is concluded. (Deposition transcript at page 411).

Graebner later made eighty corrections to the transcript, mostly of typographical errors. She also added a number of exhibits to those offered at the deposition. James River has not sought any more information from Graebner about her deposition testimony, the corrections, or the exhibits, until now.

This lawsuit is set for jury trial on November 13, 1989. Counsel are in the midst of preparation for trial. James River asserts that new information requires that it re-examine Graebner. This new information originates with James River. It involves depositions of James River witnesses and answers by James River to Graebner's interrogatories and document requests. James River wants to ask Graebner about information it could have uncovered in its own investigation. Deposing Graebner about James River's witnesses, James River's answers and James River's documents would require Graebner to do James River's pre-trial preparation. With trial less than two months away, it would be unjust to require Graebner to set aside her own pre-trial preparation to accommodate James River.

James River characterizes the first deposition as a settlement deposition; what it wants now is a trial deposition. If this were a true characterization, then every plaintiff would automatically be subject to two separate depositions, one during settlement negotiations and one before trial. This is unfair and uneconomical.

James River claims that it needs a second deposition to ask Graebner about new issues in the case raised by her amended complaint. All but one cause of action in that complaint were dismissed by Judge Jensen's order of March 6, 1989, granting James River's motion for summary judgment on Graebner's second through sixth causes of action. That order effectively limits this case to a trial of Graebner's cause of action under the Employees Retirement Income Security Act ("ERISA"). Contrary to James River's characterization of the case, it is in fact much narrower now than at the time of Graebner's first deposition.

**534**

## CONCLUSION

Graebner has shown good cause for a protective order:

1) James River in the past year has not raised any question about the completeness of Graebner's first deposition;

2) James River is seeking discovery of its own information, as revealed by Graebner's diligent discovery, in effect making her do its pre-trial preparation;

3) A plaintiff is not required to submit to separate depositions at the settlement and trial phases of a lawsuit;

4) The issues in the case have been significantly narrowed, rather than broadened, since Graebner's first deposition.

For all the reasons above, to allow James River to take Graebner's deposition a second time would subject her to undue burden and expense and prejudice her by interfering with pre-trial preparation. A protective order is granted to Graebner; James River may not take her deposition a second time.

## SANCTIONS

Since Graebner has prevailed on her motion, an award of sanctions to James River is denied.